### 33177. HILL v. ATLANTIC COAST LINE RAILROAD COMPANY.

DECIDED JANUARY 27, 1951.

*W. F. Blanks*, for plaintiff in error.

*John S. Averill Jr., Jay, Garden & Jay,* contra.

WORRILL, J. While we recognize the rule that except in plain and palpable cases questions of negligence and diligence and cause and proximate cause are for the jury to decide under proper instructions from the court, nevertheless, we think that the petition in this case shows that the sole proximate cause of

the plaintiff's injury was his own act in attempting to exert a pressure on the handle of the wrench under circumstances which he knew or reasonably should have anticipated would result in injury to himself if he persisted.

Let us examine the bare allegation that the defendant was negligent in furnishing a wrench which was defective, unsuitable, or inadequate for the job, in the light of all the allegations of the petition. The allegations show that the plaintiff had been using the wrench intermittently for about two years. He alleges that he did not know that it was defective. From this we may infer that the wrench had not given him any trouble before and was suitable for the job for which it was intended, namely the adjustment of a normally functioning clutch. If the wrench was in fact defective, the plaintiff had ample opportunity to discover that fact in more than two years of use of the wrench, for the real test of the suitability of a simple tool, such as the wrench described in the petition, is its use under normal conditions in doing the job it was designed to perform. The defendant was not bound to furnish the plaintiff with a tool suitable for exerting on the clutch adjustment an unreasonable amount of force; and if the tool failed or proved unsuitable for exerting an unreasonable amount of force, that fact alone does not show that it was defective or unsuitable for performing its normal function. The allegation that it slipped, bent, spread, or gave way is the only allegation of fact offered in support of this conclusion. This is not sufficient. Therefore, the only permissible inference is that the wrench was not in fact defective for normal and proper use with a normally functioning clutch, and the conclusions drawn by the pleader in the petition, that it was, must fall for want of sufficient facts to support them.

Let us similiarly examine the other alleged grounds of negligence, namely, those relating to the failure of the defendant to inspect the crane and maintain its component part, the clutch, in good working order, and to the failure to provide a shield over the clutches and against which the plaintiff might have braced his body. The allegations in this regard also show that the plaintiff had operated the crane since it had been furnished by the defendant more than two years prior to the date of the injury, and that he was familiar with its operation and with

the adjustment of the clutches; and he should have known what was a reasonable force necessary to effect the adjustment of the clutches under normal conditions. Under such circumstances he was chargeable with notice of any defect in the machinery and any malfunctioning of its parts when the clutch adjustment became difficult or required an unreasonable amount of force. Being thus put on notice, the plaintiff in making the adjustment of the clutch nevertheless attempted to exert a force entirely unreasonable in relation to what was normally necessary to make the adjustment and in excess of what the wrench was designed to stand, and without taking any precautions to brace himself should the wrench or clutch mechanism suddenly give way and throw him off balance. Under such circumstances, his injury was not the result of the defendant's failure to inspect or maintain the machinery or to provide a shield around the clutches, but resulted solely and proximately from the negligence of the plaintiff in exerting an unreasonable pressure on the mechanism after he had had notice of the defects in it.

The plaintiff knew, or reasonably should have anticipated, when he sought to make the adjustment, and on applying excessive pressure to the wrench handle, that the wrench might suddenly come loose from the clutch, or—whatever the cause of the resistance of the clutch mechanism to the movement he sought to make—might suddenly give way under the pressure of the unreasonable force he sought to exert. That such would likely be the result of such a procedure, we think, is a matter of common knowledge. No reason is shown why the plaintiff could not have procured the services of the company mechanic or machinist charged with the duty of maintaining the crane and have ascertained the cause of the trouble. The petition does not show that the plaintiff acted under the prompting of an immediate emergency such as might have excused a hasty or negligent act on his part. He should have anticipated the results that ensued; and if he was injured as a result of his disregard of these obvious dangers or as a result of his failure to anticipate them, then his injuries proximately resulted from his own negligence and not from any negligence of the defendant. For these reasons the petition fails to set forth a cause of action, and the

trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*